Filed 3/4/15  P. v. Miranda CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C077233 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF142477) |
| v. | |
| ANDREW MIRANDA, | |
| Defendant and Appellant. | |

Following defendant's plea of no contest to infliction of corporal injury on a person with whom he had a former dating relationship (Pen. Code, § 273.5, subd. (a)),[1] the trial court sentenced defendant Andrew Miranda to an agreed term of four years in prison.  Defendant's appointed counsel has asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition

---

[1] Undesignated statutory references are to the Penal Code.

more favorable to defendant, we affirm the judgment.  We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

## BACKGROUND

Defendant had a prior dating relationship with the victim.  On May 28, 2014, the victim was at a boat ramp when defendant walked up to her, engaged in a verbal confrontation, and followed her home.  He then hit her on the top of the head with an empty 32-ounce glass beer bottle.  As a result of defendant's blow, the victim sustained a traumatic condition injury.[2]

A complaint charged defendant with infliction of corporal injury on a person with whom defendant has or had a dating relationship (§ 273.5, subd. (a)--count 1) and assault with a deadly weapon, to wit a beer bottle (§ 245, subd. (a)(1)--count 2).  As to count 1, the complaint further alleged defendant had previously been convicted of violation of section 273.5 within the past seven years.  The complaint also alleged two prior prison term enhancements.  (§ 667.5, subd. (b).)

Defendant pleaded no contest to count 1.  In accordance with the plea, the trial court sentenced defendant to the upper term of four years and dismissed the remaining counts and allegations.  The trial court awarded defendant 89 days of presentence custody credit and ordered him to pay a $300 restitution fund fine (§ 1202.4), with a $30 processing fee, a $300 parole revocation fine stayed unless parole is revoked (§ 1202.45), a $40 court operations fee (§ 1465.8, subd. (a)(1)), and a $30 court facilities assessment (Gov. Code, § 70373).  The trial court denied defendant's request for a certificate of probable cause.

---

[2]  The facts are taken from the prosecutor's stated factual basis.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


      RENNER      , J.


We concur:


      RAYE      , P. J.


      HULL      , J.

3